**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Charles Holmes,<br><br>    Plaintiff,<br><br>v.<br><br>Richard Thompson, et al.,<br><br>    Defendants. | No. CV-19-02661-PHX-DLR<br><br>**ORDER** |

In 2017, Mesa police officers stopped Plaintiff because he was operating a vehicle on a suspended license. Arizona law required Mesa to impound Plaintiff's vehicle under the circumstances. A.R.S. § 28-3511(A)(1)(a). Accordingly, the police called Valley Express Towing, with whom Mesa had contracted to tow and impound vehicles, and Valley Express Towing did just that.

Arizona law required Plaintiff to obtain an impound release from the Mesa Police Department and to present the release to Valley Express Towing before his vehicle could be released. A.R.S. § 28-3512. In turn, Mesa's impound release form states that a vehicle may be released to an authorized party upon payment of towing and storage related costs and fees. Although Plaintiff obtained the release form, he neither presented it to Valley Express Towing nor paid the requisite costs and fees. Consequently, after a certain amount of time had lapsed, Valley Express Towing received title to Plaintiff's vehicle from the Arizona Department of Motor Vehicles.

Plaintiff thereafter brought this action under 42 U.S.C. § 1983, accusing Defendants, who are Valley Express Towing employees and not Mesa police officers, of violating his constitutional rights by depriving him of his property without due process, and of having a policy of carrying out such unconstitutional deprivations. Defendants have moved for summary judgment (Doc. 20), which is appropriate if there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to Plaintiff, Defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Plaintiff did not respond to Defendants' motion, which means the facts described above are deemed undisputed. *See Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013); *Syntelco Limited v. Reish*, No. CV-17-00598-PHX-JZB, 2019 WL 2359259, at *2 (D. Ariz. May 31, 2019).

Defendants are entitled to summary judgment for three reasons. First, Defendants did not deprive Plaintiff of his property without due process. Plaintiff knew Valley Express Towing towed his vehicle and he obtained an impound release form that included instructions for retrieving it. He simply failed to follow those instructions. Second, even assuming that there is a plausible basis for concluding that Plaintiff's constitutional rights were violated, Defendants are shielded from § 1983 liability by the good-faith defense recognized in *Clement v. City of Glendale*, 518 F.3d 1090, 1096-97 (9th Cir. 2008). Specifically, Defendants acted at the direction of Mesa and its police officers. If there was some defect in the traffic stop or in Mesa's authority to order the towing, there is no evidence that Defendants were aware of it. Defendants are entitled under these circumstances to act in good faith on orders received from Mesa and its police officers without incurring § 1983 liability. Third, Plaintiff provides no evidence that Defendants have any specific policy or practice of unconstitutionally depriving people of their property. Accordingly,

//
//
//
//

**IT IS ORDERED** that Defendants' motion for summary judgment (Doc. 20) is **GRANTED**.  The Clerk shall enter judgment in favor of Defendants and against Plaintiff on all claims and terminate this case.

Dated this 6th day of August, 2020.

Douglas L. Rayes
United States District Judge